[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 310.]

MARTIN, APPELLANT, *v*. PFEIFFER, ADMR., BUREAU OF WORKERS'
COMPENSATION, ET AL.; DELPHI CHASSIS DIVISION, F.K.A. DELCO MORAIN
DIVISION, GENERAL MOTORS CORPORATION, APPELLEE.

[Cite as *Martin v. Pfeiffer*, 1997-Ohio-370.]

*Workers' compensation—Application and requirements of R.C. 4123.84 with
regard to "flow-through" or residual medical conditions.*

(No. 96-2396—Submitted June 25, 1997—Decided July 30, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 15778.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*,
for appellant.

*Crew, Buchanan & Lowe, Joseph P. Buchanan* and *James G. Neary*, for
appellee.

_____

{¶ 1} The judgment of the court of appeals is reversed, and the cause is
remanded to that court to apply *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680
N.E.2d 1207.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ.,
concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent from the reversal based on *Lewis v. Trimble*
(1997), 79 Ohio St.3d 231, 680 N.E.2d 1207. Factually, this case is quite different
and the evidence is quite clear that the plaintiff "knew or should have known" of

her depression claim back in 1990.  Therefore, the test laid out in *Lewis* has been met and plaintiff is barred by the statute of limitations from presenting her claim.

_____